IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA

v.

JAMES SKIBINSKI,

*Defendant*.

Case No. 3:24-CR-145

## **POSITION OF THE UNITED STATES ON SENTENCING**

The United States of America, by and through its undersigned attorneys, respectfully submits its position with respect to sentencing factors.  Pursuant to the factors contained in 18 U.S.C. § 3553(a) and for the reasons set forth below, the United States recommends a sentence of 162 months' imprisonment followed by lifetime supervised release.

### I.    Background

On March 7, 2024, the defendant, James Skibinski, was an inmate at FCI Petersburg in Petersburg, Virginia.  PSR ¶6.  The defendant was serving an 180-month sentence for a conviction for possession of child pornography from the United States District Court in Indiana.  PSR ¶43.  On March 7, 2024, correctional officers performed a cell search of the defendant's cell and located pictures depicting women and children.  PSR ¶6.  These pictures were located in a locker with items clearly belonging to the defendant, such as mail and prescriptions.  *Id.*  These pictures violated the defendant's sex offender risk management plan, and as a result of their discovery, the defendant was transferred to the special housing unit.  PSR ¶7.

After the defendant was transferred to the special housing unit, Special Investigations Officer Phillip James received information that the defendant possessed obscene images in a

1

folder with hidden compartments.  PSR ¶8.  Officers James then went to the special housing unit and retrieved the defendant's property.  *Id*.  The defendant did not have access to his property while he was in the special housing unit.  Officer James located the folder and found the hidden compartments disguised within the folder.  When Officer James cut those hidden compartments open, he found photographs of children that were altered to depict children's genitals or depict the children engaging in a sex act.  PSR ¶8.

The defendant possessed approximately 78 altered images of children that were altered to depict child pornography.  PSR ¶9.

## II.    The PSR and Applicable Guideline Sentence

The United States has no objection to the Presentence Report ("PSR").  The PSR calculates the defendant's offense level at 27.  PSR ¶26.  This calculation includes:  a base offense level of 18, pursuant to U.S.S.G. § 2G2.2(a)(1); a two-level enhancement for the material involving a prepubescent minor, pursuant to U.S.S.G. § 2G2.2(b)(2); a five-level enhancement for the defendant engaging in a pattern of activity involving the sexual abuse of a minor, pursuant to U.S.S.G. § 2G2.2(b)(5); and a two-level enhancement for the offense involving 78 images, pursuant to U.S.S.G. § 2G2.2(b)(7)(A).  PSR ¶¶16-19.

The defendant's Criminal History Category is VI.  PSR ¶46.  The resulting advisory guideline range is 130-162 months' imprisonment.

## III.    The § 3553(a) Factors

Prior to possessing obscene images of children in prison, the defendant was previously convicted on three separate occasions of sex offenses involving minor victims.  It is clear from the nature of this offense and the defendant's history and characteristics that he cannot be deterred from acting on his sexual interest in children.  The § 3553(a) factors support a sentence

2

at the high end of the guidelines of 162 months followed by a lifetime of supervised release.

Following the United States Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), additional case law from the Supreme Court and the Fourth Circuit has clarified the process district courts should adhere to in fashioning an appropriate sentence. The first step is to correctly calculate the applicable Guidelines range. *Gall v. United States*, 552 U.S. 38, 49 (2007). The Court should then assess whether a sentence within that range (or the sentence sought by a party) adequately serves the factors listed in Title 18, United States Code, Section 3553(a). *See United States v. Diosdado-Star*, 630 F.3d 359, 364–65 (4th Cir. 2011). To the extent the Court deems some deviation from the applicable Guidelines range appropriate (whether denominated a "departure" under a Guidelines provision or a "variance"), the Court must give serious consideration to the extent of the deviation and must adequately explain it "to allow for meaningful appellate review and to promote the perception of fair sentencing." *Diosdado-Star*, 630 F.3d at 365 (quoting *Gall*, 552 U.S. at 50).

18 U.S.C. § 3553(a) states that, in determining a particular sentence to be imposed, the Court shall consider the following factors:

(1)    the nature and circumstances of the offense, and the history and characteristics of the defendant;

(2)    the need for the sentence imposed –

(A)    to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B)    to afford adequate deterrence to criminal conduct;

(C)    to protect the public from further crimes by the defendant; and

(D)    to provide the defendant with needed educational or vocational training; medical care, or other correctional treatment in the most effective manner.

The factors also include the need to avoid unwarranted sentence disparities among defendants

with similar records found guilty of similar conduct. 18 U.S.C. §3553(a)(6).

For the reasons outlined below, a sentence of 162 months is sufficient, but not greater than necessary, to accomplish the goals of § 3553(a).

### A.  The Nature and Circumstances of the Offense

The defendant was convicted at trial of possession of obscene visual representations of children, in violation of 18 U.S.C. § 1466A.  While serving an 180-month sentence in federal prison for possession of child pornography, the defendant again possessed illegal material involving sexual depictions of children.

As outlined in the PSR and proven at trial, correctional officers at FCI Petersburg performed a cell search and first found that the defendant was in possession of images of women and children that violated his sexual offender risk management plan.  For this violation, he was placed in the special housing unit and separated from his property.  Approximately a month later, Officer James received information that the defendant had a folder that had been altered to contain hidden compartments and that these hidden compartments contained altered photographs of children.

After receiving this information, Officer James went to the special housing unit and retrieved the folder from the defendant's property.  Officer James found that the folder did, in fact, contain hidden compartments.  At trial, another inmate clearly identified the folder as belonging to the defendant.  When Officer James cut open the compartments, he found photographs of children that had been altered to depict the children's genitals or depict the children engaging in a sex act.  In total, the defendant possessed 78 altered images of children that were altered to depict child pornography.

The defendant's offense conduct in this case is egregious.  While serving a lengthy

4

sentence for possessing child pornography, the defendant acquired dozens of photographs that were altered to depict children's genitalia. He clearly knew the illegal nature of these photographs because he was serving a sentence for similar material, and he took measures to ensure that the photographs were well-hidden so it would be difficult for correctional officers to find them during a routine cell search. The nature and circumstances of the offense conduct warrant a sentence at the high end of the guidelines range of 162 months.

### B. The History and Characteristics of the Defendant

The defendant is 61 years old and was born in Kentucky and adopted by his parents when he was approximately six months old. PSR ¶61. The defendant was raised by his parents in a "middle-income, working class environment" where his father worked and his mother stayed home with the defendant and his sister. PSR ¶66. The defendant graduated from high school in 1981. PSR ¶88. The defendant subsequently enlisted in the Navy in 1983 and was given a "less than honorable" discharge in 1985. PSR ¶68. The defendant has been incarcerated since 2010 but reported some previous employment. PSR ¶91.

The defendant comes before this Court with a lengthy criminal history, dating back to 1985 when he was 21 years old. It would be difficult to list all of the defendant's prior convictions, but some of his previous convictions include: a 1987 conviction for delivery of a controlled substance in Pennsylvania (PSR ¶33); a 1998 conviction for indecent assault of a person less than 16 years of age in Pennsylvania (PSR ¶36); a 2004 conviction for two counts of child molestation involving two separate victims in Indiana (PSR ¶37); several convictions in 2007 and 2008 for forgery (PSR ¶¶38-41); and a 2011 conviction for possession of child pornography in the United States District Court in Indiana (PSR ¶43). Due to his extensive prior criminal history, the defendant comes before this Court as a Criminal History Category VI with a

5

total of 16 criminal history points.  PSR ¶46.

The defendant's criminal history warrants a sentence of 162 months.  Astonishingly, even though the defendant is in the highest criminal history category under the guidelines, the defendant has nine prior criminal convictions that did not receive any criminal history points because of their age.  More alarming, this is the defendant's fourth criminal conviction related to his sexual abuse and sexual interest of children.  Most notably for this Court's consideration is that the defendant's two previous hands-on offenses against children received **zero** criminal history points because of their age.  In 1998, the defendant was 35 years old, and he forced a 13-year-old to watch a pornographic video, performed oral sex on her, and forced her to perform oral sex on him.  PSR ¶36.  After serving a sentence for that offense, in 2004 at the age of 40 years old, the defendant molested two girls who were nine and ten years old.  PSR ¶37.  Neither of these criminal convictions are considered by the defendant's criminal history category and both warrant imposing a severe sentence in this case.

Furthermore, after serving prison sentences for these two separate instances of hands-on sexual abuse of children, the defendant was convicted of possession of child pornography in 2012.  The defendant's decades-long sexual interest in children continues despite his prior sentences and despite his previous convictions.  He is a dangerous, career offender in every sense of the word.  A sentence of 162 months' imprisonment is warranted in this case.

### C.  The Need for the Sentence to Reflect the Seriousness of the Offense, Promote Respect for the Law, and Provide Just Punishment.

The defendant was convicted of the possession of obscene visual representations of children after he was found to have images of children that were altered to depict the children's genitalia and depict children engaging in a sex act.  Although these children were not actually photographed in this obscene manner, that really is of no import to this Court because the images

were altered in such a way as to make it difficult to make that distinction. And the defendant sought out those images while in a federal prison. A sentence of 162 months is necessary to reflect the seriousness of the offense and promote respect for the law.

### D. The Need to Afford Adequate Deterrence

The need to afford deterrence could not be clearer in this case. This defendant has three prior convictions for sex offense against children, two of them involving the hands-on, sexual abuse of three separate victims. He has not been deterred by prior prison sentences and was not deterred from engaging in similar conduct while serving a 15-year sentence for the possession of child pornography.

Additionally, as this Court heard at the defendant's trial, this was not the first time the defendant was found in possession of obscene material while serving his sentence in federal prison. A corrections officer testified at the defendant's trial regarding a prior incident he had while at the federal facility in Tucson. As outlined in the defendant's PSR, while he has been incarcerated in the Bureau of Prisons, he has been cited for eleven disciplinary actions, including possession of an unauthorized item and violating a condition of a community program. PSR ¶43.

The defendant's history certainly suggests that he cannot be deterred, but a sentence at the high end of the guidelines range is absolutely necessary to attempt to deter the defendant.

### E. The Need to Protect the Public

The need to protect the public from future crimes of the defendant necessitates a sentence of 162 months. Although the defendant was 60 years old at the time of this offense, he continued to engage in offenses involving children to satisfy his own sexual desires. A severe sentence of 162 months followed by a lifetime of supervised release is necessary.

### F. The Need to Avoid Unwarranted Sentencing Disparities

7

A sentence of 162 months' imprisonment is necessitated and warranted by the § 3553(a) factors and within the guideline range, and therefore, does not create any unwarranted sentencing disparities.

## IV.    Conclusion

For the foregoing reasons, the United States respectfully asks this Court to impose a sentence of 162 months' imprisonment followed by a lifetime of supervised release.

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:           /s/
Heather Hart Mansfield
Virginia Bar Number 83957
Assistant United States Attorney
U.S. Attorney's Office
919 East Main Street, Suite 1900
Richmond, Virginia 23229
Tel.: 804-819-5489
Fax: 804-771-2316
Email: Heather.H.Mansfield@usdoj.gov